Bell, J.,
dissenting. I can not agree that the single question presented to this court is whether the petition sets forth a cause of action which arose in Pulton County ag’ainst the (Auditor of State, Treasurer of State and state Director of Finance. The motion to quash raises solely a question of joinder of parties defendant, and thus its determination depends on whether the petition sets forth a cause of action against the officials of Pulton County. The propriety of the joinder depends entirely on whether plaintiff can make a case against the local officials; if he can not, then the case is properly dismissable as to the state officials.
It appears to me incongruous that an official of this state can go into a county of this state and make an agreement of compromise of a claim (Section 115.17, Revised Code) and then, after repudiation of his agreement, escape on a procedural technicality any responsibility therefor.
It ultimately may be shown that the action is not “rightly brought” herein against the county officials so as to permit the joinder of the state officials. If that is true, the state officials of necessity go out too. The time to decide that question is when that question is presented to the court by demurrer or answer and not on a motion to quash. The rights of the state officials can not be prejudiced by such procedure because of the protection afforded them by appeal from the overruling of a motion to quash. State, ex rel. Rhodes, Aud., v. Solether, Judge, 162 Ohio St., 559, 124 N. E. (2d), 411.
Matthias, J., concurs in the foregoing dissenting opinion.